IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                                          Civil No. 05-2012
                                     Criminal No. 03-20039-003
SON TRUONG NGUYEN                                           DEFENDANT/MOVANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Son Truong Nguyen, a federal prisoner, brings a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. An evidentiary hearing was conducted on December 14, 2005. Movant testified, as did his former criminal defense attorney John Settle. Interpreter Bill Bell translated the proceedings. I had indicated to the parties at the conclusion of the hearing that a transcript of the proceeding would be ordered but, after reviewing the claims, found it unnecessary.


DISCUSSION

In September 2003, movant was indicted for drug offenses along with two co-defendants. Movant was charged with conspiracy to distribute methamphetamine (Count I), aiding and abetting the distribution of more than 5 grams of actual methamphetamine (Count III), aiding and abetting the distribution of more than 50 grams of methamphetamine (Count IV), and aiding and abetting the possession with intent to distribute more than 50 grams of methamphetamine (Count V).

On November 17, 2003, the date scheduled for trial, movant pled guilty to Count V pursuant to a plea agreement, which provided in part that relevant conduct would be considered in sentencing. The agreement set out the maximum imprisonment of 40 years and provided that the mandatory

minimum was 5 years except that, if the drug amount was more than 500 grams of methamphetamine or 50 grams of actual methamphetamine, the mandatory minimum was 10 years. The presentence investigation report (PSI report) erroneously stated that the mandatory minimum was 5 years for the amounts involved in the case but was amended to reflect a 10-year mandatory minimum.

At the sentencing on February 10, 2004, Settle advised Honorable Robert T. Dawson that movant was quite fluent in English and an interpreter was unnecessary. Movant was sworn by the court and asked if he was satisfied with the services of his attorney. Movant replied, "I not fully understand the whole deal in this case." (Sentencing T. 3). Settle advised Judge Dawson that movant had told him he did not understand the amended PSI report prepared in December 2004. Judge Dawson recessed to call for an interpreter.

When court resumed with an interpreter present, movant was again sworn and asked if he was satisfied with the services and representation of Settle. Movant responded, "Yes. He is helping me a great deal." (Sentencing T. at 7). The parties advised the court that the amended PSI report had been reviewed and they agreed with the PSI report that a guideline "safety valve" was appropriate, which meant that movant was not subject to the 10-year mandatory minimum. Settle related that one of movant's problems was the change in the PSI report of the mandatory minimum from 5 to 10 years but that Settle had advised him the probation officer's recommendation to apply the guideline "safety valve" meant that movant would be sentenced under the appropriate guideline range without regard to the 10-year mandatory minimum. At one point, when movant indicated he was having problems with the addition of drug amounts, the court observed, "I think he understands more than he may indicate that he does but let's go off the record and you can compute that for him." (Sentencing T. at 11).

The court overruled movant's objections to the PSI report, including the use of relevant conduct to arrive at the base offense level. With a 3-point reduction for acceptance of responsibility, the resulting guideline range was 87 to 108 months. The court imposed a sentence of 87 months and 5 years supervised release. Movant took no appeal.

At the conclusion of the evidentiary hearing before the undersigned, movant withdrew the claim that his plea was unknowing and involuntary. Movant's remaining claims are that Settle failed to file an appeal and movant's sentence violates *Booker*.

*Appeal*

Movant contends he directed Settle to appeal but he failed to do so. When counsel fails to file a notice of appeal after being instructed to do so by the client, actual prejudice is presumed and no showing of meritorious appellate claims is require to prevail on a claim of ineffective assistance of counsel. *Barger v. U.S.* , 204 F.3d 1180, 1181-82 (8th Cir. 2000) (citing *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992). "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (citing *Rodriguez v. United States*, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam)).

Settle has practiced law 28 years, 10 of which he served as a state public defender. He was retained by movant's family for a fee of $2,500 which was to cover all court proceedings except for jury trial. Settle spoke several times to members of movant's family who were interested in the case.

According to Settle, movant well knew prior to sentencing that "relevant conduct" would be considered and a 10-year mandatory minimum could apply. After sentencing, movant was unhappy

with the sentence but did not appear dismayed or surprised or complain that he was expecting a 5-year mandatory minimum.  Later at the jail, Settle discussed the matter of appeal with movant who asked if he could appeal.  Settle advised that the chances of prevailing on appeal were "very poor."  After receiving this advice, movant did not say he wanted to appeal and never directed Settle to appeal.  Settle does not recall talking to movant after this meeting.  Settle sometimes has clients sign a waiver of appeal but did not do so in this case.  Settle explained that inmates can contact him through telephone calls from relatives and letters but he does not accept collect calls.

Settle did not use an interpreter when speaking with movant, explaining at the hearing that he had no reason to believe one was necessary because movant speaks English quite well and appeared to have a very clear understanding of what was told him.  The government introduced a letter written in English by movant to Settle on March 2, 2004, asking Settle for a "favor" – to prepare requests for a 500-hour drug class and a transfer for a prison near movant's family.  Movant stated toward the end of the letter, "Could you do this for the last time."  (Govt's Ex. 1).  Movant did not mention an appeal.

Movant testified that he did not understand what his attorney told him regarding legal matters.  Although he understands and speaks English, he is more comfortable communicating in Vietnamese concerning complicated legal terminology.  He attended high school in California where the teachers spoke English and received in Arkansas a beauty college certificate.

Movant continued that when he was sentenced, he felt saddened and did not know how much time 87 months was and had no time to think about it.  He asked Settle what happened because he was expecting a lower sentence.  He does not recall the attorney's response.  When he learned that the mandatory maximum sentence had been increased from 5 to 10 years, he told Settle that he

wanted to appeal and Settle responded there were no grounds. He never withdrew the request for an appeal. The last time he saw Settle was in the courtroom after sentencing. He tried to reach the attorney by telephone several times but the office would not accept his collect calls. He later learned there was a 10-day limit to file a notice of appeal and while in jail he decided after a year that nothing was going on with an appeal and he likely had no appeal.

I find that movant's hearing testimony was lacking in credibility. According to movant, one of his main objections to his sentence was the court's consideration of "relevant conduct" in sentencing. He said the term was never explained to him by Settle. However, the evidence establishes that movant early on was made aware of the concept that the Sentencing Guidelines took into consideration "relevant conduct," notwithstanding a guilty plea to one count of a multiple-count indictment. Settle discussed this matter with movant, the plea agreement had a paragraph entitled "Relevant Conduct Considered," and the court stated at the plea hearing that it would take into consideration the dismissed counts at sentencing. I do find that, despite knowing that relevant conduct would be considered, movant had a difficult time accepting the concept and told Settle it was not "fair."

I also reject movant's testimony that he believed a 5-year mandatory minimum applied and Settle promised a 5-year sentence. The credible testimony of Settle establishes that movant was aware of the 10-year mandatory minimum prior to sentencing. Further, because the guideline "safety valve" was used in this case, the 10-year mandatory minimum was not applied but, rather, movant was sentenced under the appropriate guideline range without reference to the 10-year mandatory minimum.

Based on all matters presented, I find credible the testimony of Settle that after he advised movant that his chances to prevail on appeal were very poor, movant let the matter go and did not request that the attorney pursue an appeal. I also find instructive movant's letter to Settle, which does not mention an appeal but, rather, is concerned with prison matters. The letter indicates movant is versed in the English language and reasonably intelligent and his testimony of his lack of comprehension of the English language is suspect. I conclude, contrary to movant's testimony, that he accepted his attorney's advice regarding an appeal and gave no directive to file an appeal. Accordingly, movant has no valid claim of denial of appeal through the ineffective assistance of counsel.

### Booker

Movant challenges his sentence based on *United States v. Booker*, ___U.S. ___, 125 S.Ct. 738 (2005). In *Blakely v. Washington*, ___U.S. ___, 124 S.Ct. 2531 (2004) the Supreme Court struck down as unconstitutional a Washington state sentencing scheme that allowed judges to apply sentencing enhancements based on judge-found facts. The court held that the Sixth Amendment right to trial by jury requires that any fact which leads to a sentencing enhancement, other then the fact of a prior conviction, must be found by a jury or admitted by the defendant. In *Booker*, the Supreme Court applied the *Blakely* holding to the Federal Sentencing Guidelines, finding them unconstitutional. The Court made the mandatory Guidelines advisory only to correct the defect.

Here, movant's conviction became final prior to the delivery of the *Booker* decision on January 12, 2005. *Booker* is not retroactively applied to convictions that became final prior to the

decision. *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). Movant, therefore, has no *Booker* claim.

CONCLUSION

Based on the above, I recommend that movant's claims be denied and his motion be dismissed with prejudice. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 13th day of January 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE